FILED by __ AT __ D.C.
ELECTRONIC

**Jul 21, 2011**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 11-80136-CR-DIMITROULEAS/SNOW

CASE NO. _____

18 U.S.C. §§ 1349, 1343, 1346

UNITED STATES OF AMERICA

v.

DAVID A. CHAISSON,

Defendant.

_____/

## CRIMINAL INFORMATION

The United States of America, acting through its attorneys, charges:

1.      DAVID A. CHAISSON is hereby made a defendant on the charges stated below.

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

2.      Ryan International Airlines ("Ryan") is an entity organized and existing under the laws of the State of Illinois with its principal place of business in Rockford, Illinois.  Ryan provides air passenger and cargo services for corporations, private individuals, professional sports teams, and the United States government. During the period covered by this Information, a significant portion of Ryan's business consisted of transporting personnel and cargo for the United States Department of Defense, United States Department of Homeland Security, and United States Marshals Service on domestic and international flights.

3.     During the period covered by this Information, Co-Conspirator 1 ("CC-1") was the Vice President of Ground Operations for Ryan.  Among CC-1's responsibilities was contracting with providers of goods and services on behalf of Ryan and approving the invoices that were submitted by those providers to Ryan for payment.  CC-1 had a fiduciary duty to act honestly and faithfully in all business dealings with Ryan.

4.     During the period covered by this Information, Defendant CHAISSON was the owner of Co-Conspirator Company, an entity organized and existing under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana.  Defendant CHAISSON and Co-Conspirator Company were engaged in the business of performing ground security coordination, security personnel training, and flight management services for airlines based in the United States.

5.     In 2004, CC-1 contacted Defendant CHAISSON about Co-Conspirator Company providing flight management services on domestic and international flights for Ryan in order to improve Ryan's on-time performance.  After Ryan hired Co-Conspirator Company, Defendant CHAISSON flew on Ryan flights and obtained and coordinated aircraft services, such as aircraft cleaning, catering, crew meals and lodging, and baggage loading.  Co-Conspirator Company billed Ryan for its time and for the services that it obtained for Ryan flights.  CC-1 was responsible for approving the invoices submitted by Co-Conspirator Company to Ryan.

2

6.     Whenever this Information refers to any act, deed, or transaction of any company, it means that the company engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## COUNT ONE- CONSPIRACY
### (18 U.S.C. § 1349)

7.     Each and every allegation contained in paragraphs 1-6 of this Information is hereby realleged as if fully set forth in this Count.

### DESCRIPTION OF THE OFFENSE

8.     Beginning at least as early as January 2005 and continuing thereafter at least through July 2008, the exact dates being unknown to the United States, in the Southern District of Florida and elsewhere, Defendant DAVID A. CHAISSON and Ryan employee CC-1 did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 1343 and 1346, in violation of 18, United States Code, Section 1349.

9.     It was a part and an object of the conspiracy that Defendant CHAISSON and CC-1 unlawfully, willfully, and knowingly devised and intended to devise a scheme and artifice to:

3

    (a)     defraud Ryan and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises; and

    (b)     defraud and deprive Ryan of the honest and faithful services of CC-1 through kickbacks and the concealment of material information from Ryan,

and for the purpose of executing such scheme and artifice, and attempting to do so, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signals, and sounds, in violation of Title 18, United States Code, Sections 1343 and 1346.

### THE MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

The scheme and artifice was carried out in the following manner and means, among others:

10.    In or about January 2005, at the request of CC-1, Defendant CHAISSON began submitting fabricated invoices on behalf of Co-Conspirator Company to Ryan for services that had not been provided. CC-1 approved payment of the fraudulent invoices. Defendant CHAISSON and CC-1 split the money received from Ryan as payment for the fraudulent invoices. During the course of the scheme, Defendant CHAISSON submitted, and CC-1 approved and directed payment of, $101,454.96 in fraudulent invoices.

4

11.     CC-1 further solicited and accepted kickback payments totaling approximately $8,000.00 in relation to flight management services that Co-Conspirator Company did provide to Ryan.

12.     In his capacity as an employee of Ryan International Airlines, CC-1 provided favorable treatment to Defendant CHAISSON, including continuing to award business to Co-Conspirator Company for flight management services, in exchange for kickback payments. Defendant CHAISSON and CC-1 foresaw or reasonably should have foreseen that Ryan might suffer an economic harm as a result of their breach of CC-1's fiduciary duty to Ryan.

13.     Defendant CHAISSON took steps to hide, conceal, and cover up his activity and the nature and scope of his dealings with CC-1, including wiring payments to the personal bank account of CC-1, which CC-1 accessed near his home located in the Southern District of Florida.

## OVERT ACTS

In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of Florida and elsewhere:

14.     From in or about January 2005 through at least September 2006, Defendant CHAISSON submitted over $100,000.00 in fraudulent invoices from Co-Conspirator Company to Ryan. CC-1 directed payment of all of the invoices on behalf of Ryan with knowledge that they were fraudulent.

15.     From in or about April 2005 through November 2007, Defendant

CHAISSON issued checks and caused interstate wire transfers totaling more than

$60,000.00 to be made from the bank account of Co-Conspirator Company to

CC-1's personal bank account in the Southern District of Florida and elsewhere.

## JURISDICTION AND VENUE

16.     The conspiracy charged in Count One of this Criminal Information was

formed in part and carried out, in part, in the Southern District of Florida in Palm

Beach County within the five years preceding the filing of this Criminal

Information.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO- WIRE FRAUD
### (18 U.S.C. §§ 1343, 1346)

The United States of America further charges:

17.     Each and every allegation contained in Paragraphs 1-16 of this

Information is hereby realleged as if fully set forth in this Count.

18.     Beginning at least as early as January 2005 and continuing thereafter

at least through July 2008, the exact dates being unknown to the United States, in

the Southern District of Florida and elsewhere, Defendant

## DAVID A. CHAISSON

and CC-1 unlawfully, willfully, and knowingly devised and intended to devise a

scheme and artifice to:

6

    (a)    defraud Ryan and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises; and

    (b)    defraud and deprive Ryan of the honest and faithful services of CC-1 through kickbacks and the concealment of material information from Ryan,

and for the purpose of executing such scheme and artifice to defraud and deprive, and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, the following writings, signals, and sounds:

19.    On or about June 21, 2007, in the Southern District of Florida and elsewhere, Defendant CHAISSON caused a wire transfer in the amount of $1,500.00 to be made from Co-Conspirator Company's bank account in Indianapolis, Indiana, to CC-1's personal bank account in Lake Worth, Florida.

## JURISDICTION AND VENUE

20.    The offense charged in Count Two of this Criminal Information was formed in part and carried out, in part, in the Southern District of Florida in Palm Beach County within the five years preceding the filing of this Criminal Information.

All in violation of Title 18, United States Code, Sections 1343 and 1346.

Date:  7/21/2011

_____
Christine A. Varney
Assistant Attorney General
Antitrust Division

_____
Nezida S. Davis
Chief, Atlanta Field Office
Antitrust Division

_____
Scott D. Hammond
Deputy Assistant Attorney General for
Criminal Enforcement

_____
Brooks Mackintosh, Trial Attorney
Georgia Bar #464115
James J. Kurosad, Assistant Chief
Florida Bar #0794041
Atlanta Field Office
Antitrust Division
U.S. Department of Justice
75 Spring Street, S.W., Suite 1176
Atlanta, GA 30303
Tel:  (404) 331-7100
Fax: (404) 331-7110
Brooks.Mackintosh@usdoj.gov

_____
John F. Terzaken
Director of Criminal Enforcement

Nancy McMillen
Shane Cralle
Richard A. Hellings, Jr.
Trial Attorneys
National Criminal Enforcement Section
Antitrust Division
U.S. Department of Justice
450 Fifth Street, N.W., Suite 11110
Washington, DC  20530
Tel:  (202) 307-5777

UNITED STATES OF AMERICA

vs.

DAVID A. CHAISSON,

                    Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

____ Miami   ____ Key West
_X_ FTL   ____ WPB   ____ FTP

New Defendant(s)          Yes _____   No _____
Number of New Defendants
Total number of counts          __2__

I do hereby certify that:

1.  I have carefully considered the allegations of the Information, the number of defendants, the number of probable witnesses and the legal complexities of the Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:   (Yes or No)   __NO__
    List language and/or dialect   _____

4.  This case will take   __0__   day for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                                    (Check only one)

    I     0 to 5 days          __X__            Petty      _____
    II    6 to 10 days         _____           Minor      _____
    III   11 to 20 days        _____           Misdem.    _____
    IV    21 to 60 days        _____           Felony     __X__
    V     61 days and over     _____

6.  Has this case been previously filed in this District Court? (Yes or No)   __NO__
    If yes:
    Judge: _____          Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?   (Yes or No)   __NO__
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____   District of _____

    Is this a potential death penalty case? (Yes or No)   __NO__

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes   __X__ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____ Yes   __X__ No

_Brooks Mackintosh_
_____
BROOKS MACKINTOSH
TRIAL ATTORNEY
U. S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION
Georgia Bar No. 464115/Court No. A5501638

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: **DAVID A. CHAISSON** _____

**Case No**: _____

Count#: 1

 Conspiracy to Commit Wire Fraud _____

 in violation of 18 U.S.C. §1349 _____

**\*Max. Penalty:** Thirty (30) years' imprisonment, five (5) years' supervised release, $1,000,000 fine
_____

Count  #: 2

 Wire Fraud _____

 in violation of 18 U.S.C. §§1343, 1346 _____

**\*Max. Penalty:** Thirty (30) years' imprisonment, five (5) years' supervised release, $1,000,000 fine
_____

Count  #:

_____

_____

**\*Max. Penalty:** _____

Count  #:

_____

_____

**\*Max. Penalty:** _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| DAVID A. CHAISSON | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

JAMES BELL
_____
*Printed name of defendant's attorney*


_____
*Judge's signature*


_____
*Judge's printed name and title*